JjLOLLEY, J.
In this worker’s compensation matter, Boh Brothers Construction Company (“Boh Brothers”) appeals a judgment from the Office of Workers’ Compensation (“OWC”) awarding permanent total disability benefits to Donald Dennis (“Dennis”). For the following reasons, we affirm the OWC’s judgment.
FACTS
This workers’ compensation action stems from an accident which occurred in Orange County, Texas in 1993 when Dennis was employed as an industrial pile driving operator for Boh Brothers. The accident occurred when Dennis slipped and injured himself as he was climbing down a crane he was operating. Subsequent to the fall, Dennis was taken to the hospital for treatment and later came under the long-time care of Dr. Douglas Brown, an orthopedic surgeon in Monroe, Louisiana. Dr. Brown performed three surgical procedures on Dennis’ back, the most recent one in 1997, which entailed the installation of titanium cages through an incision in his abdomen to provide support for his spine from the removed disks in the prior two surgical procedures.
Dennis testified that he did fairly well subsequent to the last surgery, but in 2002 he began experiencing pain down his leg and back and his leg started to buckle. He therefore scheduled an appointment with Dr. Brown for September 5, 2002. On the night preceding his appointment, Dennis’ leg buckled and he fell and injured his shoulder, resulting in a tear to his rotator cuff. Dr. Brown treated Dennis for his shoulder injury and advised him to seek medical attention closer to his place of l’esidence.
lain August 2002 Dennis filed suit against Boh Brothers claiming that he is entitled to workers’ compensation benefits for permanent and total disability. Boh Brothers responded by filing an answer and several exceptions, including an exception of no cause of action and an exception of prescription and/or peremption for workers’ compensation benefits, including but not limited to Dennis’ claim for medical benefits.
At the time of the accident, Dennis had worked for Boh Brothers as a heavy equip *763 ment operator for approximately 13 years. He was 56 years old when the hearing on the matter was held and has not worked since the accident in 1993. Dennis testified that he is a high school graduate with a two-year associate degree from a junior college in business administration. Previous to his employment with Boh Brothers, Dennis had a limited employment history of sales work, specifically in motor vehicles and life insurance. Presently, Dennis suffers from numerous medical and health problems including hypertension, congestive heart failure, serious diabetes, and he has suffered a previous stroke. He also suffers from pitting edema and fluid retention. The record indicates that Dennis weighs in excess of 300 pounds, due to his inability to exercise as a result of his chronic back pain which is attributable to the failed lumbar disk procedures he underwent, including the installation of the titanium cages.
After last being treated by Dr. Brown, Dennis began using Dr. C. Michael Vise, a neurosurgeon in Jackson, Mississippi. By the time the trial had commenced, Dennis had already undergone three spinal blocks and was anticipating another. The record indicates that Dr. Vise had placed Dennis |3on an extensive pain management program, including the potent medication Lor-cet. Dennis was still under the care of Dr. Vise at the time of the hearing and was taking four Lorcet tablets a day for pain.
Subsequent to the trial of the matter, the Workers Compensation Judge (“WCJ”) ruled in favor of Dennis, finding him permanently and totally disabled. The WCJ ordered Boh Brothers to pay Dennis a sum of $307.00 per week, commencing on July 15, 2003, together with legal interest from the due date of each payment, until paid. Dennis’ claim for medical expenses was dismissed by the WCJ with prejudice as well his claim for penalties and attorney fees. This appeal by Boh Brothers ensued.
DISCUSSION
By one assignment of error, Boh Brothers urges the WCJ committed error in finding that Dennis was permanently and totally disabled. We disagree.
On appeal, the factual findings of an OWC judge are subject to the same standard of review as in other cases; i.e., a trial court’s finding of fact may not be set aside on appeal unless there is no reasonable factual basis for the finding and the finding is clearly wrong (manifestly erroneous). See, Bolton v.B E& K Construction, 2001-0486 (La.App. 1st. Cir.06/21/02), 822 So.2d 29; see also, Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). If the trier of fact’s findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse. Consequently,'when there are two permissible views of the evidence, the fact finder’s choice between them cannot be [¿manifestly erroneous. Bolton v. B E & K Construction, supra.
The finding of disability within the framework of the workers’ compensation law is a legal, rather than a purely medical determination. Therefore, the question of disability must be determined by reference to the totality of the evidence, including both lay and medical testimony. Ultimately the question of disability is a question of fact, which cannot be reversed in the absence of manifest error. Brown v. Churchill & Thibaut, Inc., 93-1216 (La.App. 1st Cir.05/20/94), 637 So.2d 764, 768. In Comeaux v. City of Crowley, 2001-0032 (La.07/03/01), 793 So.2d 1215, the supreme court applied a “totality of the circum stances” test in determining entitlement to permanent and total disability, finding a fifty-five-year-old man permanently and *764 totally disabled when his physical restriction to sedentary activities combined with a failed attempt to rehabilitate or re-train the claimant in accordance with La. R.S. 23:1226 rendered the claimant unemployable. In so holding, the court stated that both the physical ability of the claimant to function in the workplace and the employee’s lack of ability to be educated or retrained should be considered in deciding whether he had discharged his burden of proving by clear and convincing evidence permanent and total disability. Comeaux v. City of Crowley, supra.
Boh Brothers argues that because Dennis obtained a high school diploma plus a two-year associate degree in business administration and had some work experience years ago outside the field of heavy equipment operation, he failed to meet his burden of proof that he was totally and | ¡¡permanently disabled. Boh Brothers contends that the medical testimony does not support the findings of the WCJ.
Dennis contends his present physical condition would not allow him to even maintain light duty work without bringing on extensive fatigue, resulting in his having to go to bed for two or three days at a time. Dennis maintains that these physical conditions, along with his dependence upon narcotic pain medication, render him unemployable.
By way of deposition, Dr. Brown testified that he last treated Dennis on September 6, 2002. Prior to that examination, there had been a five-year lapse in Dr. Brown’s last treatment of Dennis in 1997. The record indicates that in 1997 Dr. Brown was of the opinion that Dennis was permanently and totally disabled.
As mentioned before, in the late summer of 2002, Dennis began experiencing some back and leg problems. Because of the fall he sustained the night before his appointment, Dr. Brown testified that the primary concern of the examination was the injury Dennis sustained to his shoulder. Dr. Brown noted that Dennis had a substantial weight gain since he last examined him in 1997. Although Dr. Brown testified Dennis essentially presented a normal neurological examination, he did note that Dennis had diabetes, hypertension, some chronic back pain, and was overweight. He stated that “there’s no way he could work as a truck driver. He was completely disabled.” He then prescribed pain pills and anti-inflammatory medication for Dennis. It is noteworthy that when asked whether Dennis would be capable of light sedentary jobs, Dr. Brown testified that perhaps | ^Dennis could physically maintain such a job, but that would depend on the medications Dennis was taking. Dennis contends his present physical condition would not allow him to even maintain light duty work without bringing on extensive fatigue, resulting in his having to go to bed for two or three days at a time. He maintains that these physical conditions, along with his dependence upon narcotic pain medication, render him unemployable.
Dr. Carl Goodman, an orthopedic surgeon in Shreveport, Louisiana also presented testimony by way of deposition. Dr. Goodman testified that he had examined Dennis only once in 1996. Dr. Goodman was of the opinion that Dennis had “a chronic back and leg condition that will not be improved with further surgery.” Dr. Goodman’s testimony was that he wrote on Dennis’ medical chart that “he is totally disabled from any type of work with no improvement expected.” Dr. Goodman further stated that he had reviewed a surveillance tape made on behalf of Boh Brothers of Dennis taken on March 27, 28, and 29, 1996. After reviewing the videotape depicting Dennis bending over and picking up items, including a small grand *765 child which he carried into his home, Dr. Goodman stated that he was of the opinion that Dennis could do light work activity with a lifting limit of 25 pounds. However, Dr. Goodman admitted that he would have to re-examine Dennis to comment further on his physical condition.
The record shows when the subject video was taped it was approximately two months prior to Dr. Goodman’s physical examination of Dennis on May 10, 1996. This would also have preceded the surgery Dennis underwent for the installation of the titanium BAK cages in 1997. In 17this instance and considering the timing of this surveillance video, we find its relevance of limited value.
Finally, Dr. Vise’s medical records of Dennis clearly indicate that he is totally disabled for work. The evidence shows that Dennis is over 56 years old, with very limited light duty work experience. He suffers from numerous physical ailments, including chronic pain as well as serious diabetes, pitting edema and obesity as well as enduring the regimen of narcotic pain medication which all appear to be directly associated with the injury he sustained while working in the course and scope of his long-time employment with Boh Brothers. Here, considering the totality of the evidence, we cannot say the trial court committed reversible error.
CONCLUSION
We find that a review of the evidence reveals ample evidence supportive of the finding by the WCJ that Dennis is totally and permanently disabled. We thus find no manifest error and affirmed the judgment as rendered. Costs of this appeal are assessed to appellant.
AFFIRMED.